FLORENCE R. GREENBERG *vs.* HOWARD I. GREENBERG & others. July 7, 1980. 1. Whatever right any of the defendants might have had to trial by jury was lost by the failure of each to serve a timely demand for such trial. Mass.R.Civ.P. 38(b) and (d), 365 Mass. 801 (1974). *United States* v. *110 Bars of Silver,* 508 F.2d 799, 801 (5th Cir.), cert. denied, 423 U.S. 861 (1975). *Omawale* v. *WBZ,* 610 F.2d 20, 22 (1st Cir. 1979). The time for serving such a demand could not be enlarged by agreement of the parties without the permission of the court. Mass.R.Civ.P. 6(b)(3), 365 Mass. 747-748 (1974). Compare *Orange Theatre Corp.* v. *Rayherstz Amusement Corp.,* 130 F.2d 185, 186-187 (3d Cir. 1942), (decided under Fed.R.Civ.P. 6[b][2]). No such permission was obtained, and none can be inferred from anything in the record. Contrast *Vine* v. *Beneficial Fin. Co.,* 374 F.2d 627, 632 (2d Cir.), cert. denied, 389 U.S. 970 (1967). In view of the foregoing, it is unnecessary to decide whether the rule enunciated in *Commissioner of Banks* v. *Harrigan,* 291 Mass. 353, 356 (1935), has been affected by the adoption of the Massachusetts Rules of Civil Procedure. See *Beacon Theatres, Inc.* v. *Westover,* 359 U.S. 500, 509-511 (1959); *Dairy Queen, Inc.* v. *Wood,* 369 U.S. 469, 472-473 (1962); *Ross* v. *Bernhard,* 396 U.S. 531, 532-542 (1970). 2. The orders by which the judge of the Superior Court (a) recommitted the case to the master for the

taking of additional evidence, (b) discharged the order of reference to the master, (c) discharged the master's report and (d) referred the case to a new master were well within his discretion. See *Dittemore* v. *Dickey*, 249 Mass. 95, 99, 100 (1924); *White* v. *Portia Law Sch.*, 274 Mass. 162, 169 (1931), cert. denied, 288 U.S. 611 (1933); *Beauregard* v. *Dailey*, 294 Mass. 315, 320-322, 324-325 (1936); *Ingram* v. *Eichel's Spa, Inc.*, 313 Mass. 109, 110-111 (1943); *Minot* v. *Minot*, 319 Mass. 253, 258 (1946); *Peteros* v. *Peteros*, 328 Mass. 416, 419-420, 423 (1952); *Frade* v. *Costa*, 342 Mass. 5, 7-8 (1961); Mass.R.Civ.P. 53(e)(2), 365 Mass. 820 (1974). 3. The defendants' appeal from the order of the single justice of this court by which he purported to vacate (annul) the aforementioned orders (b) through (d) (and which the judge of the Superior Court properly interpreted as also annulling [a]) was necessarily dismissed (5 Mass. App. Ct. 910 [1977]) for the reasons expressed in such cases as *Corbett* v. *Kargman*, 369 Mass. 971 (1976), but the propriety of that order is now open on the defendants' appeal from the final judgment of the Superior Court. See *Giacobbe* v. *First Coolidge Corp.*, 367 Mass. 309, 312-313 & n.4 (1975). Compare *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 615 (1980). 4. If we assume that the single justice had the power to enter the order referred to in (3) above (see *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. at 614-615), we conclude that he erred in supplanting the discretion of the judge of the Superior Court without adequate reason. The order of the single justice is reversed; the final judgment of the Superior Court is vacated, and the case is remanded to that court, where it is to be recycled to the point where the single justice interfered with its progress; the court is to give serious consideration to the conduct of any further trial before a judge rather than a master.[1]

*So ordered.*

*George M. Ford* for the defendants.
*George Michaels* for the plaintiff.

---

[1] See and compare *O'Brien* v. *Dwight*, 363 Mass. 256, 279-280, 298 (1973); *Tracy* v. *Curtis, ante* 10, 27 (1980).