*Albert Carista*, pro se.
*John J. Davis* for the defendant.

JOHN H. HARGROVE & others[1] *vs.* MINUTEMAN REGIONAL VOCATIONAL TECHNICAL SCHOOL DISTRICT. April 24, 1985. *Eminent Domain*, Interest. *Interest*.

This case involves an issue concerning the construction of St. 1981, c. 800, § 3, which we have resolved in *Verrochi* v. *Commonwealth, ante* 633 (1985).

On February 25, 1972, the defendant, Minuteman Regional Vocational Technical School District, took by eminent domain 9.55 acres of land located in Lexington and owned by the plaintiffs. The order of taking was dated February 22, 1972, and was recorded on the same date in Middlesex Registry of Deeds, Southern District. On February 8, 1974, the plaintiffs filed a petition for assessment of damages in the Superior Court in Middlesex County. On March 18, 1983, a jury returned a verdict of $95,000 for the plaintiffs.[2] After the verdict was returned, the defendant moved that the judge direct the clerk to compute interest on the verdict at the rate of 6% a year, as required by the provisions of G. L. c. 79, § 37, which were in effect at the time of the taking. The plaintiffs then moved that the judge direct the clerk to compute interest on the verdict at the rate of 10% a year as required by G. L. c. 79, § 37, as appearing

---

[1] Raymond F. Hargrove, Florence K. Hargrove, and Hazel W. Lind.

[2] The net amount of the final judgment, before interest, was $70,874.30. This represented the jury verdict of $95,000, less a pro tanto payment of $24,125.70 made by the defendant to the plaintiffs on December 31, 1973.

in St. 1981, c. 800, § 3, the most recent amendment (the text is quoted in *Verrochi, supra*).

Following argument, the judge ruled, on April 1, 1983, that the plaintiffs were entitled to interest at the rate of 6% a year from February 25, 1972, the date of the taking, until April 13, 1982, the effective date of St. 1981, c. 800, § 3, and at the rate of 10% a year thereafter until March 18, 1983, the date of the verdict. The clerk of the court computed the interest in accordance with the judge's order and incorporated it in the judgment entered nunc pro tunc as of March 18, 1983. The plaintiffs filed a notice of appeal.[3] We granted their application for direct appellate review.

In *Verrochi, supra*, we decided that St. 1981, c. 800, § 3, applies to a case such as this where the verdict is rendered subsequent to the amendment's effective date. Accordingly, the judgment is vacated. A new judgment is to be entered, computing interest from the date of the taking until the date of the entry of judgment at the rate of 10% a year.

*So ordered.*

*Joseph J. Hurley* (*Joseph G. Blute* with him) for the plaintiffs.
*Douglas H. Wilkins*, for the defendant.


---

[3] The defendant claims that the appeal was not timely filed. It has filed with this court a motion to dismiss for lack of appellate jurisdiction. See Mass. R. A. P. 4, as appearing in 378 Mass. 924 (1979), and rule 15, as amended, 378 Mass. 925 (1979). We conclude that the plaintiffs properly were granted an extension by the Superior Court judge under Mass. R. A. P. 4 (c). Accordingly, the motion to dismiss is denied.