HOLYHOOD CEMETERY ASSOCIATION *vs.* CITY OF BOSTON. April 24, 1985. *Eminent Domain*, Interest. *Interest*.

By two separate orders of taking, one dated November 27, 1973, and recorded November 29, 1973, and the other dated September 11, 1975, and recorded September 15, 1975, the city of Boston (city) took by eminent domain two parcels of land owned by the plaintiff and located in the West Roxbury section of the city. The city awarded a total of $298,000 in pro tanto payments to the plaintiff for the two takings. The trial judge consolidated the plaintiff's two petitions for assessment of damages, and on June 25, 1984, a jury returned a total verdict of $430,000 for the plaintiff. On June 25, 1984, after the verdict was returned, the plaintiff filed a motion regarding calculation of interest, in which it requested the judge to award interest on the damages at the rate of 10% a year from the date of the taking under G. L. c. 79, § 37, as appearing in St. 1981, c. 800, § 3, or "at such other rate as is constitutionally adequate." At the hearing on the motion, the plaintiff introduced evidence of the prevailing interest rates for the period in question. After the hearing, the trial judge denied the plaintiff's motion and ordered that interest be awarded at 6% a year from the date of the taking to April 13, 1982, the effective date of St. 1981, c. 800, § 3, and at 10% a year thereafter. On July 20, 1984, the plaintiff filed a notice of appeal of the trial judge's denial of its motion regarding calculation of interest. We granted the plaintiff's application for direct appellate review.

---

General Laws c. 79, § 37, prescribes the rate of interest payable on damages assessed on land taking cases. In 1981, the Legislature raised the interest rate from 6% a year to 10% a year. St. 1981, c. 800, § 3. The plaintiff argues on appeal that St. 1981, c. 800, § 3, should be fully retroactive to takings which occurred before its effective date, April 13, 1982, and thus that the plaintiff should receive interest at the rate of 10% a year for the entire period of delay in payment, starting with the date of the takings.

We have had occasion to consider these very issues in *Verrochi* v. *Commonwealth, ante* 633 (1985). In *Verrochi* we held that the 1981 amendment applies where the verdict is rendered subsequent to the effective date of St. 1981, c. 800, § 3. The plaintiffs are entitled to interest at the rate of 10% a year from the date of the taking to the date of the entry of judgment. Accordingly, the judgment is vacated. A new judgment is to be entered in accordance with this opinion.

*So ordered.*

The case was submitted on briefs.

*George A. McLaughlin, Jr., John S. Leonard & Theodore E. Daiber* for the plaintiff.

*Peter Antell*, Special Assistant Corporation Counsel, for the defendant.