MOLLIE H. BROMFIELD & another, executors, & others[1]
*vs.* COMMONWEALTH.

Plymouth. April 8, 1987. — June 11, 1987.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Judgment, Relief from judgment. *Judgment,* Relief from judgment. *Interest.*

On a motion by landowners seeking to reopen a judgment entered on June 23, 1982, awarding them damages and interest in connection with a 1970 taking of land by the Commonwealth, but reflecting prejudgment interest at the rate of 6 percent rather than the 10 percent to be paid on all land damage verdicts entered after April 13, 1982, to which they were entitled, the judge acted within his discretion in denying them relief in the form of a recomputation of interest and a "second partial and final judgment" where, even if the judge's miscalculation of prejudgment interest could be said to have been a proper reason for granting relief from judgment under Mass. R. Civ. P. 60 (b) (6), the plaintiffs had failed either to appeal from the judgment of June 23, or to seek to amend it, even though the increase in rates had been effective prior to the trial of their case; the plaintiffs had not raised the issue in a mandamus action they had previously commenced; and their present motion was not filed until more than three years after entry of judgment, and some seventeen months after an agreement for judgment satisfied had been filed. [255-258]

PETITION filed in the Superior Court on March 1, 1971.

A motion for relief from judgment, filed on February 6, 1986, was heard by *Augustus F. Wagner, Jr.,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*J. Owen Todd (Richard Hoffman* with him) for the plaintiffs.

*Elizabeth Bowen Donovan,* Assistant Attorney General, for the Commonwealth.

---

[1] See *Bromfield* v. *Treasurer & Receiver Gen.,* 390 Mass. 665 n.1 (1983).

WILKINS, J. The plaintiffs seek to reopen a judgment entered on June 23, 1982, awarding them damages and interest in connection with a 1970 taking of land by the Commonwealth. The judgment reflected interest at 6% from the date of the taking to the date (August 17, 1982) of the certificate of judgment. Collection of the judgment was delayed because of the unavailability of appropriated funds to satisfy the judgment. In February, 1983, the plaintiffs brought an action to collect the judgment, and in December, 1983, this court issued an opinion. *Bromfield* v. *Treasurer & Receiver Gen.*, 390 Mass. 665 (1983). In that opinion we indicated that, in the circumstances, we would not then order payment of the judgment in the absence of an appropriation, but that, if no seasonable appropriation were made, relief in some other form could be ordered, including perhaps even permitting levy of execution on the Commonwealth's property. *Id.* at 670. In February, 1984, with appropriated funds available, the Commonwealth paid the judgment in its principal amount with interest at the rate of 10% per annum from the date of the issuance of the certificate of judgment. The docket sheet shows for March 7, 1984: "Agreement for judgt. satisfied."

On April 24, 1985, this court decided *Verrochi* v. *Commonwealth,* 394 Mass. 633 (1985), holding that under G. L. c. 79, § 37 (St. 1981, c. 800, § 3), prejudgment interest at the rate of 10% (not 6%) should be paid on all land damage verdicts entered after April 13, 1982, the effective date of the 1981 act. See also *Hargrove* v. *Minuteman Regional Vocational Technical School Dist.,* 394 Mass. 1010 (1985); *Holyhood Cemetery Ass'n* v. *Boston,* 394 Mass. 1011 (1985); *Salem Country Club, Inc.* v. *Peabody Redevelopment Auth.,* 21 Mass. App. Ct. 433 (1986).

The question in this case is whether the judge erred in denying the plaintiffs' amended motion "for entry of second partial and final judgment and issuance of final certificate of judgment," filed on February 6, 1986. There is no question that the plaintiffs would have been entitled to the benefit of the interpretation of the interest statute made in the *Verrochi* case had their case not gone to judgment. In their appeal, which we transferred here on our own, the plaintiffs argue that the judge committed

an error of law or an abuse of discretion, or both, in denying their motion. They rely on Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), which in relevant part is set forth in the margin,[2] to argue that there was a vehicle pursuant to which the judge could and should have given them relief from judgment. There was no error.

Relief from judgment may not be granted under rule 60 (b) (6) unless the reason relied on is not a possible ground for relief under rule 60 (b) (1)-(5). *Bird* v. *Ross,* 393 Mass. 789, 791 (1985). *Chavoor* v. *Lewis,* 383 Mass. 801, 805-806 (1981). If the reason for relief asserted in this case is a "mistake" within the meaning of rule 60 (b) (1), relief could not properly be given under subsection (6), and the plaintiffs' motion was filed too late to obtain subsection (1) relief. Relief under subsection (1) must be sought within a reasonable time, and, in any event, within one year of the judgment. There is some disagreement in opinions dealing with the parallel Federal rule as to whether an error of law by the judge can properly be a subsection (1) "mistake." See 11 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2858, at 176-178 (1973). See also *United States* v. *329.73 Acres of Land,* 695 F.2d 922, 925-926 (5th Cir. 1983) (subsection [1] not available to challenge amount of judgment calculated using allegedly unconstitutionally inadequate rates of interest). An appeal or a motion under Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974), may provide the only appropriate avenues for relief from judicial error, although certain errors by the office of clerk of court (*Chavoor* v. *Lewis, supra* at 805 n.3) and changes in the applicable law occurring between the time of the judge's order for judgment and its entry (*Hingham* v. *Director of the Div. of Marine Fisheries,* 7 Mass. App. Ct. 908, 909 [1979]) may warrant use of subsection (1) to obtain relief.

---

[2] "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken."

Our most recently expressed view is that rule 60 (b) does not provide an avenue for challenging supposed legal errors and that subsection (6) relief is to be granted only in extraordinary circumstances. *Pentucket Manor Chronic Hosp.* v. *Rate Setting Comm'n,* 394 Mass. 233, 236-237 (1985). See *Bowers* v. *Board of Appeals of Marshfield,* 16 Mass. App. Ct. 29, 33 (1983). Cf. *Galvin* v. *Welsh Mfg. Co.,* 382 Mass. 340, 344 (1981) ("changes in the law alone would not justify reopening [a final] judgment"). In *Parrell* v. *Keenan,* 389 Mass. 809, 816 (1983), we upheld the discretionary granting of subsection (6) relief from a purported consent judgment, entered without the moving party's agreement, because of the extraordinary circumstances.

The parallel Federal rule has been narrowly construed to deny subsection (6) relief based on an error of law. In *Ackermann* v. *United States,* 340 U.S. 193, 198 (1950), the Supreme Court noted that rule 60 (b) (6) is not a substitute for appeal and that there "must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." It is, therefore, generally held "improper to grant relief under Rule 60 (b) (6) if the aggrieved party could have reasonably sought the same relief by means of appeal." *Martinez-McBean* v. *Government of V.I.,* 562 F.2d 908, 911 (3d Cir. 1977). See *McKnight* v. *United States Steel Corp.,* 726 F.2d 333, 338 (7th Cir. 1984); *Council for Employment & Economic Energy Use* v. *WHDH,* 580 F.2d 9, 13 (1st Cir. 1978), cert. denied, 440 U.S. 945 (1979); 11 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2864, at 214-215 (1973).

Even if the plaintiffs could persuade us that an error in the computation of prejudgment interest could be a proper reason for granting relief from judgment under rule 60 (b) (6), in this case they make no persuasive argument that the judge abused his discretion in denying their motion seeking a recomputation of interest and a "second partial and final judgment." The plaintiffs did not appeal from the judgment of June 23, 1982, nor did they seek to alter or amend it. The increase in interest rates from 6% to 10% provided by the 1981 amendment of G. L. c. 79, § 37 (St. 1981, c. 800, § 3) became effective

prior to the trial of the case. The issue was not raised in the plaintiffs' mandamus action commenced in February, 1983. See *Bromfield* v. *Treasurer & Receiver Gen.,* 390 Mass. 665 (1983). The judgment and postjudgment interest at 10% were paid in early 1984, and an agreement for judgment satisfied was filed on March 7, 1984. The motion for relief which is the subject of this appeal was not filed until August, 1985, more than three years after entry of judgment. The judge acted well within his range of discretion in denying relief. The claim was made too late.

*Order denying relief from
judgment affirmed.*