Bruno J. Graizzaro, Jr. *vs.* Catherine Ann Graizzaro. No. 93-P-28. February 16, 1994. *Practice, Civil*, Stay of proceedings, Appeal, Disqualification of judge. *Appeals Court*, Appeal from order of single justice. *Judge.*

On October 20, 1992, a single justice of this court, acting on a petition under G. L. c. 231, § 118, first par., entered an order staying all further proceedings in the Probate Court and ordering the parties, "as agreed," to participate in settlement discussions. The transcript of the hearing that occurred on that date fleshes out the setting. The underlying action was for divorce, but the parties had been before the single justice on previous occasions over the course of a year in which the husband sought relief from various orders of a probate judge allowing the wife discovery and directing that the husband pay the wife's counsel fees. These orders had been stayed. The single justice had been urging the parties to resolve the discovery issues by stipulation. The occasion of the October 20 hearing was a petition filed on October 16, by the husband, to cap attorney's fees, in an attempt to counter an order by the probate judge that the husband pay $7,500 towards the wife's counsel fees by October 19. At the hearing, convened on short notice, the single justice denied the wife's motion that he recuse himself. He then attempted to work out an agreement on the issue that underlay the requested discovery (namely, the value of the husband's partnership interest in three accounting offices), holding out the possibility of sanctions if the attorneys did not exhibit good faith in proceeding towards agreement.

After the single justice entered the order that stayed all proceedings in the Probate Court, the wife, by a petition under G. L. c. 211, § 3, directed to a Justice of the Supreme Judicial Court, sought relief from that order and from the order denying recusal. The single justice of the Supreme Judicial Court deferred action, suggesting the possibility that the order staying all further proceedings in the Probate Court might be appealable to a panel of this court. Such a panel interpreted the Supreme Judicial Court order to authorize the wife to file a late notice of appeal. The appeal was filed and, after argument thereon, the panel entered a temporary order vacating the stay entered in this court to enable proceedings to resume in the Probate Court.

1. The wife argues that an order of a single justice staying indefinitely all further proceedings in the trial court should be regarded as one that is presently appealable to a panel. Compare cases involving the doctrine of present execution, such as *Vincent* v. *Plecker*, 319 Mass. 560, 564 & n.2 (1946); *Lynde* v. *Vose*, 326 Mass. 621, 622-623 (1951); *Borman* v. *Borman*, 378 Mass. 775, 779-781 (1979). An order divesting the trial court of

jurisdiction to act might well be regarded as "so far final in its nature as to be appealable to this court." *New England Theatres, Inc.* v. *Olympia Theatres, Inc.*, 287 Mass. 485, 490 (1934). The question need not be pursued, however, because the panel are of the view that the appeal should be heard as matter of discretion, if not of right. See *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.*, 367 Mass. 464, 469 (1975).

2. The order staying proceedings in the Probate Court was in error for three reasons. First, in context, it amounted to an order depriving the parties of access to a court unless they should settle an issue in dispute by agreement. A court may appropriately urge settlement on the parties but may not refuse them access to a judicial forum to resolve their justiciable disputes. See Massachusetts Declaration of Rights, art. XI. The same is true of the repeated suggestion of sanctions unless the parties should demonstrate good faith in trying to reach agreement on the partnership valuation. In the final analysis, a party may insist on his right to have the court resolve disputed issues and may not be penalized for doing so. Second, a judge must show restraint in urging settlement on the parties, "scrupulous . . . to avoid losing his impartiality." *Furtado* v. *Furtado*, 380 Mass. 137, 151 (1980). While a judge in a civil case doubtless may play a role in settlement discussions (contrast criminal cases, where "judges . . . are not to participate as active negotiators in plea bargaining discussions," *Commonwealth* v. *Gordon*, 410 Mass. 498, 501 n.3 [1991]), he must be conscious to avoid use of his power to coerce settlements from recalcitrant parties, and he must maintain the appearance, as well as the substance, of open-mindedness. See *Kothe* v. *Smith*, 771 F.2d 667, 669 (2d Cir. 1985); *Slaughter* v. *McVey*, 20 Mass. App. Ct. 768, 769-700 (1985). Third, the single justice went beyond his scope of authority to review interlocutory orders under G. L. c. 231, § 118, first par., and immersed himself, over objection, in resolving, in part, the merits of a case pending in the Probate Court. See *Cassidy* v. *Commissioner of Envtl. Mgnt.*, 7 Mass. App. Ct. 898, 899 (1979); *Pemberton* v. *Pemberton*, 9 Mass. App. Ct. 809, 809-810 (1980); *Greenberg* v. *Greenberg*, 10 Mass. App. Ct. 827, 828 (1980).

3. It is unnecessary to review the order by which the single justice denied the motion that he recuse himself for unrelated reasons. As the single justice permitted himself to become involved too deeply in negotiating a settlement, any further single justice matters that may arise in this action will be heard by another single justice in order to give the parties both the assurance and the appearance of a wholly impartial forum.

*Order staying proceedings in Probate Court reversed.*

*Terri L.B. Partridge & Haskell A. Kassler* for Catherine Ann Graizzaro.

*David W. Moran* for Bruno J. Graizzaro.