LoConto, J.
The appellants, plaintiffs above, seek review of the trial judge’s rulings in two companion cases before this division. We find no prejudicial error and dismiss the reports. The facts and contentions of the parties necessary to a resolution of the issues are as follows.
In October, 1990, the plaintiffs, Robert and Patricia St. George, brought suit *88 against the defendants, Georgia Pacific Corporation and Hallahan Custom Builders, Inc. (First Case). The complaint sought damages for breach of the implied warranty of merchantability for Georgia Pacific’s distribution of defective hardboard siding installed by Hallahan Custom Builders on the plaintiffs’ single family home purchased by the plaintiffs from Hallahan in 1984. On October 18, 1991, Georgia Pacific moved for summary judgment on the ground that the plaintiffs’ claim was barred by the four-year statute of limitations as appearing in G.L.c. 106, §2-725. Plaintiffs’ counsel concluded that there was merit to the motion based upon the statute of frauds in section 2-725. He requested in his opposition to the defendants’ motion that he be permitted to amend the originally filed complaint to add a claim under G.L.c. 93A He reasoned that the four year statute of limitations as appearing in G.L.c. 260, §5A would run from the time the plaintiff knew or should have known of the defect and that the amended complaint would not be time barred. He also argued that it would be a waste of resources to file a new action.
The defendant Georgia Pacific’s motion for summary judgment was allowed on November 18, 1991. After transmittal of a demand letter, the plaintiffs brought suit in March, 1992, based upon a claim in accordance with G.L.c. 93A. (Second Case). In addition, on February 21, 1992, the plaintiffs filed a motion for relief of judgment under Rule 60(b) (1) and (6) alleging error in the allowance of the defendant Georgia Pacific’s motion. They contended that G.L.c. 106, §2-318 applied and that the action had been timely filed and that section 2-725 did not apply. Although filed in February, because plaintiffs’ counsel erroneously believed that the trial judge had not acted on Georgia Pacific’s motion for summary judgment, the Rule 60(b) motion was not pressed until Georgia Pacific brought a motion to dismiss the second case on res judicata grounds on January 24, 1994. On March 11, 1994, the court heard the plaintiffs’ motion under Rule 60(b) as to the first case and the defendant Georgia Pacific’s motion to dismiss as to the second case. On April 14, 1994, the court denied the Rule 60(b) motion of the plaintiffs and allowed Georgia Pacific’s motion to dismiss. It is from these rulings that the plaintiffs claim error.
As to the first case, a motion under Rule 60 is addressed to the sound discretion of the trial judge and will not be reversed on appeal absent abuse of that discretion. Chiu-Kun Woo v. Moy, 17 Mass. App. 949 (1983). Although there is some disagreement in opinions dealing with the parallel Federal rule as to whether or not a judge’s error of law can properly be a subsection (1) mistake, our court’s recently expressed view is that Rule 60(b) does not provide an avenue for challenging supposed legal errors. Pentucket Manor Chronic Hosp. v. Rate Setting Comm’n, 394 Mass. 233 (1985) as cited in Bromfield v. Commonwealth, 400 Mass. 254 (1987). Under Rule 60(b) (1), a mistake refers to a mistake of the party or counsel.
Relief available under Rule 60(b)(6) is not a substitute for appeal, even where the party can show that had they originally sought an appeal the court would have reversed the original judgment. 8 Mass. Practice §60.15. Relief must be based upon some reason other than those stated in Rule 60(b) (1) to (5). In addition, the reason raised must be substantial enough to warrant relief. Reporters’ Notes, Mass. R. Civ. R, 1973. The trial judge did not commit error in denying the plaintiffs’ Rule 60(b) motion.
As to the second case, we rule that G.Lc. 93A, §9(8) does not operate to bar application of res judicata principles to this case. Although not specifically addressed by our appellate courts, a plain reading of section 8 works to preserve the private cause of action under c. 93A, §9, regardless of the outcome of an action brought by the Attorney General under section 4. In addition, the plaintiff did not recover or fail to recover an award of damages or other relief in any administrative or judicial proceeding, but actually failed to seek relief under 93A in their originally filed complaint. The trial judge’s allowance of the defendant’s motion to dismiss was proper.
Therefore, as to both cases we order that the reports be dismissed.