DONALD M. SMITH, JR. *vs.* ARBELLA MUTUAL INSURANCE
COMPANY.

No. 97-P-2384.

Plymouth. October 12, 1999. - March 29, 2000.

Present: PORADA, DREBEN, & BECK, JJ.

*Practice, Civil,* Interlocutory appeal, Relief from judgment.

In an action brought against an insurer by a motorist seeking a declaration of
coverage and arbitration of a claim under a policy, in which the judge
entered judgment for the defendant, ruling that the plaintiff's notice to the
insurer was not prompt, the plaintiff was not entitled to relief from judg-
ment under Mass.R.Civ.P. 60(b)(6), based solely on a subsequent clarifica-
tion in decisional law on the issues that had been raised, where the plaintiff
had failed to appeal from the judgment. [55-56]

CIVIL ACTION commenced in the Superior Court Department on
May 14, 1992.

A motion for summary judgment was heard by *Richard S.
Kelley,* J.; a motion for relief from judgment, filed on January 6,
1995, was heard by *John J. O'Brien,* J.; and the case was heard
by *Gerald F. O'Neill, Jr.,* J.

*Peter E. Heppner* for the defendant.

*Charles E. Berg* for the plaintiff.

DREBEN, J. This appeal raises the propriety of an order grant-
ing relief from judgment because of a change or, rather, a
clarification in decisional law. A recounting of the procedural
history of the action is in order.

The plaintiff was involved in a collision with an uninsured
motor vehicle on November 29, 1989, a time when he was
insured by the defendant under a policy including uninsured
motorist coverage. No notice of his uninsured motorist claim
was received by the defendant until May 15, 1992, when the
plaintiff filed this action to compel coverage and to proceed to
arbitration. The defendant filed an answer denying coverage on

various grounds, including the plaintiff's failure to give the defendant prompt notice. It subsequently filed a motion for summary judgment. There was no dispute as to the date of the accident or the date of the first notice to the defendant. A judge of the Superior Court allowed the motion, ruling that, as matter of law, the notice was not prompt and that prejudice on account of late notice need not be shown by the defendant. Judgment entered for the defendant on April 29, 1994, declaring that it was not obligated to pay uninsured motorist benefits to the plaintiff. No appeal was taken by the plaintiff.

On January 5, 1995, after the decision in *Goodman* v. *American Cas. Co.*, 419 Mass. 138, 142 (December 13, 1994), extended to uninsured motorist coverage the requirement that an insurer must prove that it was prejudiced by any delay in giving notice of the claim, the plaintiff moved for relief from judgment. His motion was allowed and the defendant's subsequent motion for reconsideration was denied. After a jury-waived trial, the judge found, inter alia, that the defendant "has more than sufficient ammunition to deflate if not defeat the plaintiff's claim of injuries in the 1989 accident and . . . [it] is not prejudiced by the late notice." After ruling against the defendant on its other claims, the judge declared that the defendant's uninsured motorist provisions apply to the 1989 accident and ordered the claim to proceed to arbitration. Judgment to this effect entered on November 21, 1996. The defendant appealed on numerous grounds, including a claim that the allowance of the plaintiff's motion for relief from judgment was error.

The plaintiff seeks to dismiss the appeal on the ground that the judgment is interlocutory. Although the order may not be an appealable final judgment, we have on occasion in such cases expressed our views by way of dictum, and in some rare cases, where further proceedings would be extremely wasteful, have exercised "discretion to entertain an appeal even if it is not one that is here of right." *McCarthy* v. *Civil Service Commn.*, 32 Mass. App. Ct. 166, 169 n.5 (1992). *Cabral's Case*, 18 Mass. App. Ct. 141, 143-144 (1984). *Graizzaro* v. *Graizzaro*, 36 Mass. App. Ct. 911, 912 (1994). See *Commonwealth* v. *Chatfield-Taylor*, 399 Mass. 1, 3 (1987); *Pena* v. *Commonwealth*, 426 Mass. 1015, 1016 (1998). Because the issues have been briefed and our disposition will resolve the controversy without unnecessary and useless additional proceedings, see *McCarthy* v. *Civil Service Commn.*, 32 Mass. App. Ct. at 169 n.5, we proceed to the merits.

We turn to the question whether relief from judgment was improperly granted under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), which, in relevant part, is set forth in the margin.[1] Although the judge did not indicate under which clause of the rule he was acting, it appears that only clause (6) is applicable.[2] Under both the Massachusetts rule and the parallel Federal rule "subsection (6) relief is to be granted only in extraordinary circumstances." *Bromfield* v. *Commonwealth*, 400 Mass. 254, 257 (1987), and cases cited. See 12 Moore's Federal Practice § 60.48[3][a]-[f] (3d ed. 1999); 11 Wright & Miller, Federal Practice & Procedure § 2864, at 357 (2d ed. 1995). Moreover, it is "generally held improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal." *Bromfield* v. *Commonwealth*, 400 Mass. at 257, quoting from *Martinez-McBean* v. *Government of V.I.*, 562 F.2d 908, 911 (3d Cir. 1977).

In *Bromfield* v. *Commonwealth*, the plaintiffs sought to reopen a judgment awarding them prejudgment interest at six percent in order to obtain the benefit of a subsequent decision (*Verrochi* v. *Commonwealth*, 394 Mass. 633 [1985]) under which they would be entitled to ten percent prejudgment interest. See *id.* at 255. In affirming the denial of relief, the Supreme Judicial Court, at 257, pointed to *Ackermann* v. *United States*, 340 U.S. 193, 198 (1950), where "the Supreme Court noted that Rule 60(b)(6) is not a substitute for appeal and that there 'must be an end to litigation someday, and free, calculated, deliberate choices [e.g. not to appeal] are not to be relieved from.' "

Changes in decisional law alone are held not to be extraordi-

---

[1]Rule 60(b) in relevant part provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

[2]Clause (5) is inapplicable. See *Picco* v. *Global Marine Drilling Co.*, 900 F.2d 846, 851 (5th Cir. 1990). See also *DeWeerth* v. *Baldinger*, 38 F.3d 1266, 1275-1276, cert. denied, 513 U.S. 1001 (1994); 11 Wright, Miller & Kane § 2863 (2d ed. 1995).

nary circumstances and do not justify the reopening of a final judgment. This is particularly true where the moving party has not appealed. Thus, appellate decisions not only generally uphold the denial of relief based on a later change in State law, see, e.g., *Dowell* v. *State Farm Fire & Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993); *Biggins* v. *Hazen Paper Co.*, 111 F.3d 205, 211-212 (1st Cir.), cert. denied, 522 U.S. 952 (1997). *Cincinnati Ins. Co.* v. *Flanders Elec. Motor Serv. Inc.*, 131 F.3d 625, 628, 631 (7th Cir. 1997), but they reverse for an abuse of discretion if relief has been granted because of a change in decisional law alone. See, e.g., *Picco* v. *Global Marine Drilling Co.*, 900 F.2d 846, 851 (5th Cir. 1990); *DeWeerth* v. *Baldinger*,[3] 38 F.3d 1266, 1274-1275 (2d Cir.), cert. denied, 513 U.S. 1001 (1994); *Batts* v. *Tow-Motor Forklift Co.*, 66 F. 3d 743, 748-751 (5th Cir. 1995), cert. denied, 517 U.S. 1221 (1996). See also *Agostini* v. *Felton*, 521 U.S. 203, 239 (1997); *Bromfield* v. *Commonwealth*, 400 Mass. at 257. Compare *Pierce* v. *Cook & Co.*, 518 F.2d 720, 722-724 (10th Cir. 1975) (relief granted when case involving different plaintiff in same automobile accident reversed); *Pielech* v. *Massasoit Greyhound, Inc.*, 47 Mass. App. Ct. 322, 326 (1999) (*statutory* retroactivity provision coupled with legislative intent to give the plaintiffs their day in court constitute the "compelling or extraordinary circumstances" required for relief under 60[b][6]); *United States* v. *Wyle*, 889 F.2d 242, 250 (9th Cir. 1989) (change in *statutory* law imposing cap on fees an extraordinary circumstance warranting reconsideration of agreed payment). See generally 12 Moore's Federal Practice § 60.48[5][b],[c], at 60-181-184 & (d) (3d ed. 1999) (criticizing some Tenth Circuit cases upholding the granting of relief).

Because of the importance of the principles of finality, rule 60(b)(6), as interpreted by both the Supreme Judicial Court and most Federal courts, does not afford relief from judgment based solely on a subsequent clarification in decisional law, particularly in those cases where the plaintiff has failed to appeal from that judgment.

The judgment of November 21, 1996, is reversed and the

---

[3]In both *DeWeerth* and *Batts* the losing party appealed and, after losing on appeal, brought the 60(b) motion.

judgment of May 2, 1994, is reinstated.[4]

*So ordered.*

o

---

[4]Because of our disposition under rule 60(b), we do not reach any of the other issues raised.