

# STATE OF MICHIGAN

## SUPREME COURT

June 11, 2010

GRIEVANCE ADMINISTRATOR,
Petitioner-Appellee,

v

SC: 140081
ADB: 06-186-GA

SHELDON L. MILLER,
Respondent-Appellee.

_____

WAYNE ALARIE and RICHARD MARTIN,
Complainants-Appellants.

_____


KELLY, C.J. I deny appellants' motion for my recusal. The motion was not timely filed under MCR 2.003(D)(1)(c). Moreover, no objective appearance of impropriety arises from respondent Sheldon Miller's lawful contribution to my 2004 reelection campaign committee.

Appellants filed their motion for my recusal on April 29, 2010. On that date, MCR 2.003(D)(1)(c), as amended on March 16, 2010, was in effect. That rule provides: If an appellant is aware of grounds for disqualification of a justice, the appellant must file a motion to disqualify with the application for leave to appeal. All other motions must be filed within 28 days after the filing of the application for leave to appeal or within 28 days of the discovery of the grounds for disqualification.[1]

Appellants cannot be expected to have known on November 30, 2009, when they filed their application for leave to appeal with the Court, that MCR 2.003 would be amended as it was on March 16, 2010. Therefore, I would not expect that their motion for my recusal would have been filed accompanying their application. However,

_____

[1] MCR 2.003(D)(1)(c).

appellants should have filed their motion, at the latest, 28 days after the court rule was amended. They did not.

Furthermore, appellants assert that they only "recently discovered" the 2004 campaign contribution that they allege as grounds for my recusal.[2] However, campaign contribution records were available to the public and included the contribution in question years before appellants filed their motion. This fact renders irrelevant their allegation that they learned about it recently. They were given notice of it long before the instant case was filed. Thus, because appellants' motion was not filed in accordance with MCR 2.003(D)(1)(c) after it became effective, the motion was untimely.[3]

Even assuming, arguendo, that appellants' motion for my recusal had been timely filed, I would still deny the motion because I am not biased for or against any party or counsel involved in this action. And, addressing the grounds appellants have raised, no objective appearance of impropriety exists. Appellants allege as the sole grounds for my recusal that respondent contributed $3,400.00 to my 2004 reelection campaign committee. That contribution is insufficient to create an objective appearance of impropriety for several reasons.

First, respondent's contribution was lawful. A lawful campaign committee contribution, absent more, does not warrant recusal under our objective standard for the appearance of impropriety.[4] Indeed, such contributions are commonplace in judicial campaigns. The Michigan Campaign Finance Act's[5] campaign contribution disclosure

---

[2] Appellants' motion for recusal, p 3, ¶ 8.

[3] Even if appellants had filed their motion under the rule governing disqualification motions for trial level judges, it still would have been untimely. Under the version of MCR 2.003(C)(1) in effect at the time appellants filed their application, a motion to disqualify had to be filed within 14 days after the moving party discovers the ground for disqualification. Yet the Michigan Department of State, Bureau of Elections posted listings showing respondent's contribution, as well as those of all other donors, in 2004. See Justice Kelly's Itemized Contributions Schedule 1A, p 76 ("Pre-Convention CS(e)"), filed August 16, 2004, available at http://miboecfr.nictusa.com/cgi-bin/cfr/com_det.cgi?com_id=508277 (accessed June 10, 2010).

[4] Appellants cite the recommendations of the ABA Task Force on Lawyer's Political Contributions as a basis for my recusal. Appellants' motion for recusal, p 3 ¶ 9. The findings of the ABA task force recommend that a judge disqualify himself or herself when "a lawyer . . . or a party to litigation . . . has made a campaign contribution in excess of a jurisdiction's limits . . . ." Appellants ignore the phrase "in excess of a jurisdiction's limits." Here, there is no dispute that respondent's contribution was lawful and within Michigan's campaign contribution limits. Thus, the task force's recommendation has no bearing on this case.

[5] MCL 169.201 et seq.

2

provisions reflect the Legislature's understanding that, standing alone, lawful contributions to campaign committees in the permitted amounts will not undermine the public's confidence in our judiciary. The contribution alone does not indicate any closer relationship between myself and respondent than would ordinarily exist between members of the same bar association.[6] In fact, appellants have not suggested that there exist any facts, aside from the contribution, that could cause my impartiality in this case to be questioned. And *none does* exist.

Second, respondent's single contribution of $3,400.00 represents a de minimis amount of the total raised by my campaign committee in 2004: less than one-half of one percent.[7] This small amount does not create an objective appearance of impropriety.

In *Caperton v A T Massey Coal Co, Inc*,[8] the U.S. Supreme Court ruled on a West Virginia Supreme Court justice's refusal to recuse himself. The CEO of a lead defendant in a case before the West Virginia Supreme Court had contributed $3.5 million to the justice's campaign. The refusal to recuse was held to constitute a violation of the due process clause of the Fourteenth Amendment. However, given the obvious difference in size between the contribution at issue in *Caperton* and respondent's contribution here, one could not reasonably analogize the two cases.

Thus, respondent's contribution, absent any indicia of an appearance of impropriety, does not mandate my recusal, and the *Caperton* decision does not require it, either. In any event, appellants do not argue that *Caperton* mandates my recusal. Nor do they allege that respondent's campaign contribution and my participation in this case amount to a due process violation.

In sum, appellants' motion for my recusal was untimely under MCR 2.003(D)(1)(c). Furthermore, there exists no objective appearance of impropriety based solely on the fact that respondent lawfully contributed to my 2004 reelection campaign committee. Accordingly, I deny appellants' motion for my recusal.

---

[6] See, e.g., *Frade v Costa*, 342 Mass 5, 8 (1961).

[7] The Committee to reelect Supreme Court Justice Marilyn Kelly raised $728,800.45 from over 2,200 individual contributions. $3,400.00/$728,800.45 = .004665, or .4665%. See Justice Kelly's Dissolution of Candidate Committee Statement ("Post-General CS Diss(e)"), filed December 12, 2004, available at <http://miboecfr.nictusa.com/cgi-bin/cfr/com_det.cgi?com_id=508277> (accessed June 10, 2010).

[8] *Caperton v A T Massey Coal Co, Inc*, ___US ___; 129 S Ct 2252; 173 L Ed 2d 1208 (2009).