MADHAV B. PATEL[1] vs. AMRESCO SBA HOLDINGS, INC.

No. 05-P-1867.

Middlesex. October 16, 2006. - May 31, 2007.

Present: PERRETTA, DUFFLY, & DOERFER, JJ.

*Practice, Civil,* Appeal. *Real Property,* Attachment, Homestead. *Guaranty. Words,* "Debt."

This court upheld a grant of summary judgment in favor of the defendant on the plaintiff's counterclaims in a civil action, where the plaintiff, in arguing his appeal, failed to comply with the basic requirements of Mass. R.A.P. 16(a)(4). [196-197]

In an action seeking enforcement of a contract of guaranty and recovery of a deficiency due on a promissory note, an order of attachment concerning certain real estate erroneously exempted the homestead interest of the obligor, where his obligation on the guaranty became a debt contracted prior to his acquisition of homestead protection, for purposes of G. L. c. 188, § 1(2). [197-198]

CIVIL ACTION commenced in the Superior Court Department on March 16, 2004.

A motion for summary judgment was heard by *Christine M. McEvoy,* J.; a motion for appeal of a real estate attachment was heard by *Robert H. Bohn, Jr.,* J.; and entry of final judgment was ordered by *Thomas E. Connolly,* J.

*Roger S. Davis* for the plaintiff.

*Richard E. Gentilli* for the defendant.

PERRETTA, J. After a judge allowed summary judgment in favor of Amresco SBA Holdings, Inc. (Amresco), in its action against Madhav B. Patel seeking to enforce a contract of guaranty and recover a deficiency due on a promissory note, a second judge allowed Amresco to attach certain real estate owned by Patel, subject to Patel's homestead interest. Patel appeals from the sum-

---

[1]Patel acknowledged that he is also known as Madhavbhai B. Patel.

mary judgment in Amresco's favor on his counterclaims brought under G. L. c. 93A, arguing that they were not waived or precluded by a choice of law provision contained in a deed of trust granted to secure the note underlying the present controversy. Amresco cross-appeals from so much of the order of attachment as recognizes a homestead interest. We conclude that Amresco was properly granted summary judgment and that the order of attachment erroneously exempted the homestead interest in dispute.

1. *The undisputed facts.* We summarize the pertinent and essentially undisputed facts set out in the judge's memorandum of decision and order on Amresco's motion for summary judgment, as supplemented where we think necessary by other undisputed facts contained in the record appendix.

At all times relevant to the action before us, Kanta Hospitality, Inc. (Kanta), was a Texas corporation organized for the principal purpose of operating a motel business in Texas. Although Patel, who resided in Waltham, was vice-president, treasurer, and a fifty percent owner of Kanta, he was not involved in the day-to-day operations of the motel business in Texas.

On or about January 13, 2000, Rejendra A. Jethva, in his capacity as Kanta's president, executed a United States Small Business Administration Note (note) in the face amount of $1,500,000, payable to Amresco Independence Funding, Inc., predecessor in interest to Amresco. Patel attested to Jethva's execution of the note by signing it in his capacity as Kanta's treasurer. The note was secured by a deed of trust (trust deed) of even date granted by Kanta to Charles P. Bell, Jr., as trustee of Amresco, on certain motel property located in Texas (property) as well as by a United States Small Business Administration unconditional guaranty (guaranty) signed by Patel, individually, on or about January 18, 2000.[2] Section 1 of the guaranty reads:

"Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the note is paid in full. Guarantor

[2]In her memorandum of decision on Amresco's motion for summary judgment, the judge erroneously stated that Patel executed the guaranty in his capacity as treasurer of Kanta.

must pay all amounts due under the Note when Lender makes written demand upon Guarantor. Lender is not required to seek payment from any other source before demanding payment from Guarantor."

As defined by the guaranty, the term " 'collateral' means any property taken as security for payment of the Note or any guarantee of the Note." The guaranty granted the lender the right to "[f]oreclose upon or otherwise obtain, and dispose of, any Collateral at public or private sale, with or without advertisement" and to "[b]id or buy at any sale of Collateral by Lender or any other lienholder, at any price Lender chooses," without releasing the obligations of the guarantor.

Of particular relevance to the present dispute are the provisions of the guaranty by which Patel, as the guarantor, waived defenses based upon any claim that the lender or others improperly valued, inspected, or impaired the collateral or that the lender did not conduct a commercially reasonable sale or obtain fair market value for the collateral, as well as the provision in the previously described trust deed which recites that "[t]his Deed of Trust, the note and all other documents evidencing, securing or pertaining to the Secured Indebtedness, are intended to be performed in the State of Texas; and except to the extent that [F]ederal law applies, all such documents and instruments shall be governed by the laws of the State of Texas."

Kanta defaulted on the note in August, 2002. About three months later, in November, 2002, Amresco gave written notice to Patel that the loan was in default for nonpayment, demanded payment of the delinquency, and indicated its intent to accelerate the note if payment was not received. The following month, December, 2002, Kanta sought protection in the United States Bankruptcy Court for the Southern District of Texas. During the course of the bankruptcy proceedings, Amresco agreed to a plan that would permit Kanta to sell the property to a third party for $1,150,000, to pay Amresco the reduced amount of $1,070,000, and to be free and clear from any further lien on the property. The Bankruptcy Court entered orders in April, 2003, authorizing Kanta to sell the property in accordance with the previously mentioned plan provided that the sale closed within sixty days.

Should the sale not close within that time period, the automatic stay entered pursuant to 11 U.S.C. § 362 (2000), would be lifted and Amresco would be allowed to foreclose on the property.

Between October, 2002, and June, 2003, Kanta received but declined several offers to purchase the property at prices ranging from $1,050,000 to $1,400,000. When Kanta failed to consummate a sale within the sixty-day time period set by the Bankruptcy Court judge, Charles Bell, as trustee for Amresco, purchased the property at foreclosure sale on or about August 5, 2003, for $744,341. About a month later, Amresco sold the property to a third party for $902,000.

On January 23, 2004, Patel executed a declaration of homestead protection as an elderly person on his Waltham property. See G. L. c. 188, § 1A. The declaration was duly recorded the following month.

2. *The proceedings.* On March 16, 2004, Amresco brought the present Superior Court action against Patel to enforce the guaranty and recover the deficiency due on the note. It also made an ex parte request for permission to attach Patel's Waltham property, which was denied without prejudice.

Patel answered the complaint and asserted counterclaims for breach of the implied duty of good faith and fair dealing and violation of G. L. c. 93A, § 9. His counterclaims were essentially based on allegations that Amresco had acted in bad faith by rejecting offers to purchase the property for amounts that were greater than that for which it, Amresco, had purchased the property at the foreclosure sale.

A Superior Court judge allowed summary judgment in favor of Amresco. Her decision was based on the fact that pursuant to the terms of the trust deed and the guaranty, the law of Texas was to be applied to Patel's answer and counterclaims. Based on the terms of the trust deed and the guaranty, the judge concluded that Patel was precluded from asserting any claims pursuant to G. L. c. 93A, that Patel's claims arising out of Amresco's conduct regarding the foreclosure sale were waived under the terms of the guaranty, and that the materials presented by Patel were, in any event, insufficient to support his claim that Amresco was in breach of any duty of good faith and fair

dealing or was "unfair or deceptive" within the meaning of G. L. c. 93A.

Following the entry of summary judgment in its favor, Amresco again sought an attachment on Patel's Waltham property in the amount of $900,000. A second Superior Court judge allowed the motion subject to Patel's $300,000 homestead interest.[3] A final judgment was then entered awarding Amresco damages in the amount of $763,292.81, plus interest and attorney's fees.

3. *Discussion.* On the cross appeals before us, Patel argues that the judge erred in concluding that he had waived or was otherwise precluded from asserting his counterclaims and that disputed material facts preclude summary judgment in favor of Amresco. Amresco argues that Patel's guaranty was a "debt contracted" prior to his acquisition of any homestead interest in his Waltham property and was, therefore, exempt from the homestead protection provided by G. L. c. 188, § 1A.

a. *Patel's appeal.* We assume without deciding that Patel could assert a counterclaim pursuant to G. L. c. 93A notwithstanding the plain language of the relevant provisions of the trust deed and the guaranty. As previously recited, the judge determined that Patel had failed to demonstrate that he had a reasonable expectation of proving that Amresco had acted in breach of an implied duty of good faith and fair dealing or had otherwise violated c. 93A. See *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991).

Patel's argument on appeal is essentially no more than a mere assertion that "there are genuine issues of material fact with respect to Amresco's conduct of the foreclosure sale, and whether it used good faith or engaged in unfair and deceptive trade practices, which should be left for resolution at trial." Patel, however, has failed to provide us with any discussion of the specific conduct that serves as the basis of his claim or how such conduct violated applicable legal standards. More simply put, Patel's argument falls far short of acceptable appellate advocacy and fails to present us with any cause to disturb the reasoned decision of the trial court judge.

[3]The maximum amount of a homestead estate has since been increased to $500,000. See St. 2004, c. 218, §§ 1, 2, effective October 26, 2004.

We can only repeat the well-established rule that it is the obligation of appellate counsel and not the court to structure an analysis, supported by citation to authorities, that will assist the court in reaching a decision. See *Carter* v. *Empire Mut. Ins. Co.,* 6 Mass. App. Ct. 114, 122 n.8 (1978); Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). As Patel has failed to comply with the basic requirements of rule 16(a)(4), we can only conclude that it has not been made to appear that the judge erred in granting summary judgment to Amresco.

b. *Amresco's appeal.* As earlier related, Patel signed the guaranty for the note on or about January 18, 2000, and Kanta defaulted on the note in August, 2002. Amresco gave Patel written notice of the default and demanded payment from him in November, 2002, and Patel recorded his declaration of homestead in February, 2004.

General Laws c. 188, § 1, as amended through St. 1977, c. 791, § 1, provides that an estate of homestead "shall be exempt from . . . attachment, levy on execution and sale for payment of debts . . . except . . . for a debt contracted prior to the acquisition of said estate of homestead."[4] Patel argues that because his liability is secondary and collateral to Kanta's primary obligation to repay the loan, his obligation is not a "debt contracted" within the meaning of G. L. c. 188, § 1.

It has long been held that the term "debt" means a legal obligation to repay moneys loaned. See *Rice* v. *Southgate,* 16 Gray 142, 143 (1860); *Stevens* v. *Stevens,* 10 Allen 146, 147 (1865); *Tucker* v. *Drake,* 11 Allen 145, 147-148 (1865). Whatever treatment Patel's obligation might have been accorded under G. L. c. 188, § 1, while it remained inchoate, there can be no question that his obligation on the note became a "debt contracted" within the meaning of G. L. c. 188, § 1(2), no later than sometime in late 2002, that is, two years prior to

---

[4]As noted *supra,* Patel's declaration of homestead refers to G. L. c. 188, § 1A, applicable to homestead declarations of persons sixty-two or older. In the Superior Court, Patel and Amresco directed their arguments to the availability of the homestead protection provided under G. L. c. 188, § 1, applicable to homestead declarations without reference to age. In any event, nothing turns on this discrepancy. At all times pertinent to the argument before us, §§ 1 and 1A similarly exempt from homestead protection "any and all debts, encumbrances or contracts existing prior to the filing" of a declaration.

his recording of homestead protection on his Waltham property. Otherwise put, Patel's obligation on the guaranty became a "debt contracted" prior to his acquisition of homestead protection.

4. *Conclusion.* It follows from what we have said that the judgment in favor of Amresco is affirmed. The order allowing Amresco's motion for an attachment of real estate in an amount excluding homestead protection is vacated, and a new order shall enter allowing Amresco's motion for an attachment in the full amount due under the judgment in its favor.

*So ordered.*