Ann Robinson[1] *vs.* City of Boston.

No. 07-P-504.

Suffolk. February 6, 2008. - May 22, 2008.

Present: Gelinas, McHugh, & Fecteau, JJ.

*Employment,* Discrimination. *Anti-Discrimination Law,* Employment. *Contract,* Employment, Performance and breach. *Massachusetts Commission Against Discrimination. Administrative Law,* Exhaustion of remedies. *Survival of Action. Practice, Civil,* Survival of action, Reconsideration, Complaint, Motion to amend.

A Superior Court judge properly dismissed the plaintiff's breach of contract claim, where the acts underlying the alleged breach'were the same acts on which the plaintiff based her claim of employment discrimination under G. L. c. 151B, and thus, that statute's exclusivity provision barred the breach of contract action. [767-768]

A Superior Court judge erred in dismissing, on procedural grounds, the plaintiff's claim of employment discrimination under G. L. c. 151B on behalf of her late husband, where the finding of the Massachusetts Commission Against Discrimination (MCAD) of no probable cause with regard to the discrimination claim that the husband had brought prior to his death was not subject to the provisions of G. L. c. 30A requiring exhaustion of administrative remedies; where there was no requirement that the plaintiff, as representative of the husband's estate, refile the claim in the MCAD before bringing a civil action; and where the plaintiff was acting as the husband's representative in the civil action [768-770]; however, the judge correctly ruled that the claim for employment discrimination based on discriminatory failure to promote did not survive the husband's death [770-771].

This court declined to consider issues that were not properly before it on appeal, especially where there would be independent grounds on which to affirm the orders at issue. [771-772]

Civil action commenced in the Superior Court Department on March 23, 2005.

A partial motion to dismiss was heard by *Mitchell J. Sikora, Jr.,* J.; a second motion to dismiss was heard by *Paul E. Troy,*

[1] Individually and as administratrix of the estate of Hubert Robinson.

J., and a motion for reconsideration was considered by him; and a motion for leave to file an amended complaint was considered by *Elizabeth M. Fahey*, J.

*Winston D. Kendall* for the plaintiff.

*Courtney A. Spears*, Assistant Corporation Counsel, for the defendant.

FECTEAU, J. The plaintiff, Ann Robinson, suing individually and as administratrix of the estate of her deceased husband, Hubert Robinson, appeals the dismissal of count I of her Superior Court complaint against the defendant, the city of Boston (city). Previously, Hubert[2] had filed with the Massachusetts Commission Against Discrimination (MCAD) a claim against the city under G. L. c. 151B, § 4(1) and (1B), for discrimination based on age, race, and color. Hubert died, and subsequently, the MCAD issued a lack of probable cause finding on his discrimination claims. The plaintiff then filed a complaint in Superior Court: count I one sought recovery both for the discrimination claim that Hubert had brought before the MCAD and for a common-law breach of contract claim based on the same underlying facts; count II sought recovery for her own emotional distress. After dismissal of count II on procedural grounds,[3] a second Superior Court judge dismissed count I on procedural and other grounds. We affirm for the reasons stated herein.

1. *Factual and procedural background.* Hubert, who was of African-American descent and who, in 2003, was sixty-six years old, was a longtime employee of the city's department of public works. In late 2002 and early 2003, he unsuccessfully applied for one of four open positions of supervisor of highway maintenance. He filed his MCAD complaint shortly thereafter. On August 27, 2003, while the complaint still was pending, Hubert died. The plaintiff was appointed as administratrix of his estate.

On June 25, 2004, the plaintiff filed a suggestion of death and moved, in the MCAD proceedings, to substitute herself, in the role of her husband's representative, as a party. Without rul-

---

[2]We employ first names where necessary and for convenience.

[3]The plaintiff does not contest the dismissal of count II.

ing on the motion, on September 22, 2004, an MCAD investigative commissioner issued a finding of lack of probable cause. The record indicates that the finding of lack of probable cause was appealed and affirmed after a hearing on December 6, 2004, and that the plaintiff did not seek any further appeal at the MCAD.

On March 23, 2005, the plaintiff commenced the present Superior Court action against the city. In his decision as to count I, the second judge articulated two reasons for dismissal of the employment discrimination claim. First, he found that the plaintiff "never filed a complaint with the MCAD before seeking redress here as required by G. L. c. 151B, § 9; she was not the original complainant in her husband's underlying discrimination claim; and, she failed to appeal the MCAD's final administrative findings mandated by [G. L. c. 151B, § 6]." Second, he found and ruled that the asserted employment discrimination claim did not survive Hubert's death.

On May 2, 2006, judgment entered against the plaintiff on both counts, and she filed her notice of appeal on May 10, 2006. On June 7, 2006, she moved for reconsideration of the dismissal of count I on the basis of *Gasior* v. *Massachusetts Gen. Hosp.*, 446 Mass. 645 (2006), released on May 11, 2006.[4] On January 4, 2007, the plaintiff sought leave to file an amended complaint, which was denied by yet a third Superior Court judge. The motion to reconsider was denied on March 7, 2007. The plaintiff did not appeal the orders denying either of these two motions.

On appeal, the plaintiff argues that the complaint adequately sets forth claims for discrimination and breach of contract and should not have been dismissed, and that the second and third judges erred in denying the motion to reconsider the dismissal of count I and in denying her leave to file an amended complaint.

2. *Dismissal of the contract claim.* The acts comprising the alleged breach of contract were the same acts upon which the employment discrimination claim was based. That contract claim,

---

[4]Although the plaintiff styled the motion as a motion to reconsider, it was considered and treated as a motion pursuant to Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), in light of the fact that it was filed more than ten days after the entry of final judgment. See *Stephens* v. *Global NAPs*, 70 Mass. App. Ct. 676, 682 (2007).

merely a "recast version[]" of her discrimination claim under G. L. c. 151B, is thus "barred by that statute's exclusivity provision." *Green* v. *Wyman-Gordon Co.*, 422 Mass. 551, 558 (1996). See *Charland* v. *Muzi Motors, Inc.*, 417 Mass. 580, 586 (1994) ("where applicable, G. L. c. 151B provides the exclusive remedy for employment discrimination not based on preexisting tort law or constitutional protections"). See also *Gasior, supra* at 651 n.8 ("Gasior could, therefore, not maintain a common-law breach of contract claim for MGH's allegedly discriminatory dismissal of him because any such claim would be preempted by G. L. c. 151B").[5]

3. *Dismissal of the employment discrimination claim on procedural grounds.* As conceded by the city at oral argument, it was error to dismiss count I on procedural grounds, especially based on failure to exhaust administrative remedies. A review of the record shows that the MCAD, pursuant to 804 Code Mass. Regs. § 1.15(7)(b) (1998), dismissed Hubert's claim upon a finding of no probable cause. The appeal of that determination, pursuant to 804 Code Mass. Regs. § 1.15(7)(d) (1998), led only to a preliminary hearing presided over by the investigating commissioner who had made the initial determination. Thus, Hubert's MCAD complaint never reached the MCAD's subsequent public hearing stage, 804 Code Mass. Regs. § 1.21 (1998), or the full commission review stage, 804 Code Mass. Regs. § 1.23 (1998). Therefore, the finding of no probable cause is not subject to the provisions of G. L. c. 30A requiring exhaustion of administrative remedies. See G. L. c. 151B, § 5.

General Laws c. 151B, § 9, permits a plaintiff to bring a separate civil action ninety days after filing a complaint with the MCAD, as long as such complaint is timely vis-à-vis the alleged discriminatory act. See *Christo* v. *Edward G. Boyle Ins. Agency, Inc.*, 402 Mass. 815, 817 (1988). More specifically,

"Before conducting a formal adjudicatory hearing, the

---

[5]For the same reasons, the proposed amendment to her complaint, the procedural defects of which are discussed *infra*, suffers from the same substantive malady and is thus futile: the new contractual claim offered would have been barred as a recast G. L. c. 151B claim. See *Lingblom* v. *American Fedn. of State, County & Mun. Employees*, 7 Mass. App. Ct. 920, 921 (1979), citing *Jessie* v. *Boynton*, 372 Mass. 293, 295-296 (1977) (judge may deny motion to amend where amended complaint would fail to state claim).

MCAD investigates complaints and attempts reconciliation between the parties. . . . Neither the MCAD preliminary investigation nor attempted reconciliation precludes a complainant from deciding ultimately to file an action under § 9. Only when the MCAD's proceedings reach the stage of a formal adjudicatory hearing must the complainant make an election between the administrative and judicial remedies."

*Brunson* v. *Wall*, 405 Mass. 446, 453 n.12 (1989). As Hubert's MCAD complaint was disposed of before it reached the formal adjudicatory hearing stage, his judicial remedy was not foreclosed. The plaintiff filed the Superior Court action as his representative less than three years after the alleged discriminatory act, and therefore, it was procedurally proper. G. L. c. 151B, § 9.

The judge's observation that the plaintiff, herself, did not file a complaint with the MCAD pursuant to G. L. c. 151B, § 9, merits discussion. The MCAD dismissed Hubert's complaint shortly after his death, prior to the filing of the Superior Court action. The plaintiff subsequently filed her complaint in Superior Court.[6] There has been no legal support brought before us, however, for the proposition that a deceased's representative must refile in the MCAD the deceased's dismissed MCAD claim before bringing an action in Superior Court based on the same discriminatory act.

The claims asserted in count I were those of Hubert, not the plaintiff. Hubert was the real party in interest on the claim that the city unlawfully discriminated against him and thereby subjected him to emotional distress. The plaintiff merely was acting as Hubert's representative. "A legal capacity other than one's individual capacity is by definition representative of interests of others." *Rudow* v. *Fogel*, 376 Mass. 587, 589 (1978), quoting from Restatement (Second) of Judgments § 80 comment a (Tent. Draft No. 2, 1975). The plaintiff was not using her husband as a "fig leaf" to disguise that she was the real party in interest on count I. *Natick Auto Sales, Inc.* v. *Department of*

---

[6]Pursuant to Mass.R.Civ.P. 25(a), 365 Mass. 771 (1974), the plaintiff moved that she be permitted to pursue count I as administratrix of Hubert's estate. The third Superior Court judge allowed her motion on January 4, 2006.

*Procurement & Gen. Servs.*, 47 Mass. App. Ct. 625, 632 (1999). Thus, in her representative capacity, the plaintiff was not a separate "person claiming to be aggrieved" under G. L. c. 151B, § 9, as appearing in St. 1974, c. 478. Accordingly, count I need not have been resubmitted to the MCAD.

4. *Survival of the employment discrimination claim.* The plaintiff asserts that the second judge erred in ruling that Hubert's claim did not survive his death. Her sole argument against dismissal on this ground is that *Gasior*, 446 Mass. at 646, directly provides that an employment discrimination claim for discriminatory failure to promote survives an employee's death. This argument misunderstands the narrowness of the holding in that case, where the court decided that a claim for wrongful termination under G. L. c. 151B, § 4(16), survives an employee's death. *Gasior, supra.* The court expressly declined to decide whether any other type of claim pursuant to G. L. c. 151B survives. *Id.* at 653 n.10. An employee's claim that his employer refused to promote him for discriminatory reasons is not a claim for discriminatory termination, and therefore is not within the holding of *Gasior*.[7]

The plaintiff failed to put forth any argument that explained or suggested how the justification for survival of discriminatory termination claims set forth in *Gasior* also should apply to claims for a discriminatory refusal to promote.[8] Because the plaintiff failed to advance the argument that *Gasior* does not

---

[7]Moreover, in *Gasior, supra* at 653 n.10, the court appeared to single out discriminatory refusal to promote claims from the scope of its narrow holding:

> "We do not address the broader question whether all claims under G. L. c. 151B, including violations allegedly occurring when there was no contractual relationship between the parties, would survive the death of the plaintiff. See *Stonehill College* v. *Massachusetts Comm'n Against Discrimination*, 441 Mass. 549, 578 (2004) (Sosman, J., concurring) ('G. L. c. 151B sweeps far more broadly than breach of contract actions by discharged employees — it creates a cause of action for persons who had *no* contractual relation with the defendant, premised on the defendant's *refusal* to enter into a contract in the first place [e.g., discriminatory refusal to hire, or refusal to promote]')."

[8]The Supreme Judicial Court held in *Gasior, supra* at 651, that wrongful termination claims pursuant to G. L. c. 151B, § 4(16), survive because § 4(16) imports an implied term into the employment contract: that the employer cannot dismiss or refuse to reinstate an employee because of invidious discrimi-

preclude survival of a claim for discriminatory failure to promote, where such a claim has a basis in the law of implied contract, we neither address it nor intend to imply that such a claim never can have such a basis. We "need not pass upon questions or issues not argued in the brief." Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).[9] Accordingly, on the arguments properly submitted to us regarding the survival of Hubert's claim, there is no error.

5. *Orders denying the motions for reconsideration and for leave to file an amended complaint.* The plaintiff, in her notice of appeal, appealed only "the Findings and Rulings of the court on the defendant's motion to dismiss and the Judgment On Motion To Dismiss entered on 21st April, [2006]." The Superior Court docket sheet shows that the only entry near the cited date is on April 20, 2006, when the motion to dismiss count I was allowed and the judge's decision on that motion issued. The orders denying the motions for reconsideration and for leave to file an amended complaint were entered, respectively, on March 7, 2007, and January 24, 2007. Those orders, therefore, are not referenced in the earlier-filed notice of appeal, nor were notices of appeal filed after and concerning these rulings. Nonetheless, the plaintiff argues that the orders be reversed. Pursuant to Mass.R.A.P. (3)(c), as appearing in 430 Mass. 1602 (1999), "[t]he notice of appeal . . . shall, in civil cases, designate the judgment, decree, adjudication, order, or part thereof appealed from." Consequently, "the validity of th[ese] ruling[s] is not properly before this court and will not be considered on appeal." *Siles* v. *Travenol Labs., Inc.*, 13 Mass. App. Ct. 354, 354 n.1 (1982), citing *Ramos* v. *Storlazzi*, 10 Mass. App. Ct. 876, 878 (1980).

In any event, there would be independent grounds upon which

---

nation. Here, the plaintiff failed to argue that Hubert's employer's refusal to promote Hubert in violation of G. L. c. 151B likewise was based on an (implied) contract claim, which would survive the death of a party at common law, see *id.* at 649, and cases cited.

[9]We only can repeat the "well-established rule that it is the obligation of appellate counsel and not the court to structure an analysis, supported by citation to authorities, that will assist the court in reaching a decision." *Patel* v. *Amresco SBA Holdings, Inc.*, 69 Mass. App. Ct. 192, 197 (2007). Here, no such argument for the favorable application of the reasoning in *Gasior* to the plaintiff's claim for discriminatory failure to promote was supplied.

to affirm the orders denying these motions. The motion to reconsider, which, as discussed, *supra*, must be treated as a rule 60(b) motion, was based solely on *Gasior*. "Changes in decisional law alone are held not to be extraordinary circumstances and do not justify the reopening of a final judgment." *Smith* v. *Arbella Mut. Ins. Co.*, 49 Mass. App. Ct. 53, 55-56 (2000). Considering that the plaintiff failed to put forth any argument below that the result in *Gasior* applied to the claim at issue, the second judge did not abuse his discretion in denying the motion. See *id.* at 56.

Finally, the plaintiff filed her motion for leave to file an amended complaint after the entry of final judgment. By her admission, the only material change offered in the amended complaint was a common-law contract claim based on a collective bargaining agreement. There is no indication in the record that this agreement previously was not available. In these circumstances, the third judge properly exercised her discretion in finding that this amounted to "unexcused delay." See *Barbosa* v. *Hopper Feeds, Inc.*, 404 Mass. 610, 621-622 (1989), *S.C.*, 411 Mass. 273 (1991).[10]

*Judgment affirmed.*

---

[10] We deny the plaintiff's request for appellate attorney's fees and costs.