Leann DYER, Plaintiff,

v.

EAST COAST DINERS, LLC d/b/a Denny's, and Jonnel Paul, Defendants.

Civil Action No. 13–12728–RBC.

United States District Court, D. Massachusetts.

Signed July 23, 2014.

Janet E. Dutcher, Marsha V. Kazarosian, Kazarosian Law Offices, Haverhill, MA, for Plaintiff.

Janet R. Barringer, Elitza V. Miteva, LeClairRyan, P.C., Boston, MA, for Defendants.

## MEMORANDUM AND ORDER ON DEFENDANT EAST COAST DINERS, LLC d/b/a DENNY'S MOTION TO DISMISS ALL COUNTS OF THE SECOND AMENDED COMPLAINT, ETC. (# 17)

COLLINGS, United States Magistrate Judge.

### I. Introduction

On October 29, 2013, the plaintiff, Leann Dyer, (hereinafter plaintiff or "Dyer") filed a complaint (# 1) against East Coast Diners, LLC d/b/a Denny's. On October 31, 2013, the plaintiff filed an amended complaint adding Jonnel [1] Paul as a defendant. On December 23, 2013, the plaintiff filed an assented to Second Amended Complaint (# 16) against East Coast Diners, LLC d/b/a Denny's, adding certain claims and deleting other claims. The Second Amended Complaint alleges that the defendants engaged in a pattern or practice of discrimination, as well as sexual harassment. The Second Amended Complaint also alleges breach of contract, breach of the implied covenant of good faith and fair dealing, violations of the plaintiff's civil rights, hostile work environment, and retaliation. *Id.* On January 6, 2014, East Coast Diners, LLC d/b/a Denny's (hereinafter "East Coast Diners" or "defendant") moved to dismiss all counts of the Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (# 17) On February 7, 2014, the plaintiff filed a notice of dismissal as to defendant Jonnel Paul. (# 20) The defendant's motion to dismiss is now poised for disposition.

### II. The Facts

According to the allegations of the Second Amended Complaint, the plaintiff was hired as a waitress at the defendant's restaurant (hereinafter "restaurant" or "Denny's") located in Lawrence, MA. (# 16 at ¶ 11) In May of 2011, Efron Sola (hereinafter "Sola") was hired as the general manager. *Id.* at ¶ 12. Plaintiff and Sola would engage in conversations regarding their personal lives, and during one conversation, Sola instructed the plaintiff to enter an office and close the door. *Id.* at ¶ 14. Sola told the plaintiff he was proud of her, offered to show her how proud, and put his

---

1. In the Amended Complaint the plaintiff listed Jonnel Paul's name incorrectly. This mistake was corrected in the Second Amended Complaint. (# 16)

hand on her thigh. *Id.* at ¶ 15. Plaintiff stood up and left the office.

In late fall of 2012, Jonnel Paul(hereinafter "Jonnel")[2] was hired as a manager of the restaurant. *Id.* at ¶ 16. Immediately upon his employment, Jonnel began touching the plaintiff with his hands, rubbing his body against her, and making verbal sexual comments about her. *Id.* at ¶ 17. The plaintiff states that she continually rebuffed Jonnel and asked him stop. *Id.* at ¶ 18. Despite the plaintiff's request, Jonnel continued to make unwanted and inappropriate sexual advances regularly, actions which took place in front of customers and fellow employees. *Id.* at ¶ 19, ¶ 20.

In December of 2012, the plaintiff reported Jonnel's behavior to Sola. *Id.* at ¶ 21. Sola laughed and stated "he must know you like black dick." *Id.* at ¶ 22. On December 29, 2012, while plaintiff was bent at the waist at a refrigerator, Jonnel approached her from behind, grabbed her hips and began to rub his pelvic area across her. *Id.* at ¶ 23. Plaintiff jumped and screamed. *Id.* On December 31, 2012, the plaintiff reported to Sola what had occurred, and later that day Sola advised the plaintiff that he had spoken to Jonnel and the issue was resolved. *Id.* at ¶ 24, ¶ 25. On January 1, 2013, Jonnel approached the plaintiff, began to scream at her, pointed his finger in her face, and grabbed her arm when she attempted to retreat. *Id.* at ¶ 26.

At 6:00 A.M. on January 3, 2013, the plaintiff arrived at a mandatory work meeting and was told by Sola that she was suspended. *Id.* at ¶ 37. As she was leaving the building, she saw Jonnel, and informed him that he had just gotten her suspended. *Id.* at ¶ 38. Jonnel attempted to hug the plaintiff, and stated "don't wor-ry, I got you." *Id.* On that same day general manager Marily Costanza interviewed employees of the restaurant regarding their observations pursuant to the facts which had been reported by the plaintiff in December 2012. *Id.* at ¶ 39. Also on that same day, the plaintiff filled out an Equal Employment Opportunity Commission (hereinafter "EEOC") questionnaire online. *Id.* at ¶ 36. On January 6, 2013, Sola advised Dyer that she was fired for starting malicious rumors.

The plaintiff states that at no time was a sexual harassment policy disseminated to her, posted at the restaurant, discussed with her by any employee or official of the restaurant. *Id.* at ¶ 28, ¶ 29. The plaintiff further states that she was never advised by Denny's or anyone in human resources as to the protocols or processes for reporting sexual harassment. *Id.* at ¶ 34, ¶ 35.

### III.   Legal Standard

A motion to dismiss brought under Rule 12(b)(6), Fed.R.Civ.P., requires the court to "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in the plaintiffs' favor." *Gargano v. Liberty International Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir.2009). A party's Rule 12(b)(6) motion to dismiss challenges the ability of an opponent's complaint to state a claim. The Supreme Court in Bell Atlantic adopted the view that the complaint must allege facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (citation omitted). Thus, the factual allegations in the complaint must be specific enough to cross "the line from conceivable to plausible." *Bell Atlantic*, 550 U.S. at 570, 127 S.Ct. 1955.

---

**2.**   As the motions refer to Jonnel Paul as "Jon-    nel," so too will the court.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679, 129 S.Ct. 1937 (citation omitted). A court does not have to accept as true allegations in a complaint that are legal conclusions. *Id.* at 678, 129 S.Ct. 1937. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S.Ct. 1937.

The Federal Rules of Civil Procedure "do not contain a heightened pleading standard for employment discrimination cases." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 515, 122 S.Ct. 992, 999, 152 L.Ed.2d 1 (2002), *overruled in part on other grounds by Bell Atlantic,* 550 U.S. at 569–70, 127 S.Ct. 1955; *see also Rodriguez–Reyes v. Molina–Rodriguez,* 711 F.3d 49, 54 (1st Cir.2013) (discussing the pleading standard for discrimination cases the court said *Swierkiewicz* remains good law and "there is no need to set forth a detailed evidentiary proffer in a complaint."). "Thus, a complaint alleging discrimination under Title VII need not include specific facts establishing a prima facie case, but 'instead must contain no more than "a short a plain statement of the claim showing that the pleader is entitled to relief.' " " *Edsall v. Assumption*

*College,* 367 F.Supp.2d 72, 76 (D.Mass. 2005) (citations omitted); *see also, Educadores Puertorriquenos en Accion v. Hernandez,* 367 F.3d 61, 66 (1st Cir.2004) ("*Swierkiewicz* has sounded the death knell for the imposition of a heightened pleading standard except in cases in which either a federal statute or specific Civil Rule requires that result.").

## IV. Discussion

The plaintiff alleges that the actions of Jonnel and Sola created such a hostile and untenable work environment that it damaged her physical and emotional health and interfered with her work performance. (# 16 at ¶ 27) The plaintiff also argues that the defendant's failure to take appropriate steps to investigate her complaints effectively ratified, sanctioned and condoned the actions of Jonnel and Sola, and that the conduct of the defendant was willful and malicious. *Id.* at ¶ 41, ¶ 43. In all the plaintiff asserts six separate counts against the defendant:[3] 1) unlawful discrimination, 2) breach of contract, 3) breach of the implied covenant of good faith and fair dealing, 4) violations of the plaintiff's civil rights, 5) hostile work environment and 6) retaliation. *Id.* at ¶¶ 7–12.

The defendant argues that even taking the plaintiff's allegation as true, the facts as alleged fail to state a claim upon which relief can be granted. The defendant's specific challenge to each of the remaining six counts will be discussed in turn.

### A. Count I, Unlawful Discrimination

The plaintiff alleges that the conduct of the defendant, by and through the actions of its employees and supervisors, constituted unlawful discrimination. (# 16 ¶ 46) The

---

**3.** The plaintiff voluntarily withdrew Count IV of her Second Amended Complaint which alleged assault and battery against Jonnel. (# 19 at 15) The plaintiff also voluntarily withdrew Count VII, negligent supervision, insofar as this claim is barred by the exclusivity provisions of the Worker's Compensation Act, Mass. Gen. L. Ann. ch. 152 § 24. (# 19 at 14)

plaintiff further alleges that the defendant created, condoned and perpetuated the discrimination with its indifference and disregard, and that these actions were in violation of state and federal laws. Further, the plaintiff alleges that this conduct caused severe humiliation, mental pain and anguish, emotional distress, loss of income and other employee benefits. *Id.* at ¶¶ 46–49.

The defendant argues that Count I is particularly vague, and that it should be dismissed for failure to provide fair notice of what the plaintiff's claim is and the grounds upon which it rests. (# 18 at 5) The defendant also argues that even if the plaintiff has attempted to allege general liability of the defendant for that the alleged sexual harassment by its employees, that such liability is barred by the exclusivity provision of Mass. Gen. L. Ann. ch. 151B § 4. *Id.* Furthermore, the defendant argues that to the extent the plaintiff is attempting to bring a common law tort claim against the defendant, that any such tort claim would be barred by the Worker's Compensation Act. *Id.*

While the plaintiff's pleading is light, the pleading requirements under Fed.R.Civ.P. 8(a) are minimal. "Since there is no federal statute or specific Federal Rule of Civil Procedure mandating a heightened pleading standard for civil rights actions ..." *Cepero–Rivera v. Fagundo,* 414 F.3d 124, 128 (1st Cir.2005), the notice pleading standard applies in this case.

█ The precise statute under which the plaintiff bases her claims under Count I is not clear from the pleading, as the plaintiff merely states that the unlawful discrimination was "in violation of State and Federal Laws." (# 16 ¶ 47) However, within the introduction to the Second Amended Complaint, the plaintiff asserts that the actions of the defendant violated Title VII of the Civil Rights Act, as well as

"M.G.L. c. 151B and M.G.L. c. 214 § 1C". Title VII of the Civil Rights Act bans employment practices that "discriminate against any individual with respect to his terms, conditions, or privileges of employment because of such individual's sex." 42 U.S.C. § 2000e–2(a)(1). For sexual harassment to be actionable it must be "sufficiently severe or pervasive to 'alter the conditions of [the victim's] employment and create an abusive working environment.'" *Billings v. Grafton,* 515 F.3d 39, 47 (1st Cir.2008) (quoting *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986) (further citations omitted)(alterations original)).

█ Based on the allegations contained within the plaintiff's pleadings, there are sufficient facts to survive a motion to dismiss under Title VII. Taking the plaintiff's facts as true, Sola and Jonnel both engaged in a pattern of sexually intimidating and offensive behavior. As alleged in the Second Amended Complaint, the persistence of Jonnel's sexual advances, Sola's response "he must know you like black dick," when the plaintiff reported Jonnel's behavior, and the fact that the behavior was ongoing during plaintiff's employment rises to the level of a sufficiently pled Title VII claim.

█ As for the state law claims, when a company, such the defendant, employs at least six people, Massachusetts General Law Ann. ch. 151B § 4(16A) to § 5 is the exclusive remedy for employees who are the victims of sexual harassment by their employers or their agents. *Green v. Wyman–Gordon, Co.,* 422 Mass. 551, 664 N.E.2d 808 (Mass.1996). Mass. Gen. L. Ann. ch. 151B § 4(16A) makes it unlawful "for an employer, personally or through its agents, to sexually harass any employee." Sexual harassment includes "verbal or

physical conduct of a sexual nature," which has "the purpose or effect of unreasonably interfering with an individual's work performance by creating an intimidating, hostile, humiliating or sexually offensive work environment." Mass. Gen. L. Ann. ch. 151B § 1(18). "A claim for sexual harassment lies where the offensive conduct is based on the employee's sex, is unwelcome and is sufficiently severe or pervasive to interfere with the employee's job performance or to create an abusive work environment." *Morehouse v. Berkshire Gas Co.,* 989 F.Supp. 54, 61 (D.Mass.1997).

Chapter 151B creates a comprehensive and exclusive statutory scheme for employment discrimination claims. *See* Mass. Gen. L. Ann. ch. 151B § 9; *Chapin v. University of Massachusetts at Lowell,* 977 F.Supp. 72, 82 (D.Mass.1997) (citing *Green v. Wyman–Gordon Co.,* 422 Mass. 551, 664 N.E.2d 808, 811 (Mass.1996)); *Laureano v. Legal Sea Foods, LLC,* 2013 WL 5587949, *2 (D.Mass. Oct. 9, 2013) ("Chapter 151B provides the exclusive remedy for employment discrimination not based on preexisting tort law or constitutional protections."). Mass. Gen. L. Ann. ch. 214 § 1C by contrast is broader and "ensures that *all* employees are protected against sexual harassment in the workplace, whether or not their employers fit within the definition of the term employer in c. 151B. Thus, employees who cannot file claims with the MCAD because of the limited size of the workforce ... are pro-

tected by § 1C." *Green,* 422 Mass. at 557, 664 N.E.2d at 812 (emphasis in original) (citation omitted); *see also, Vicarelli v. Business International, Inc.,* 973 F.Supp. 241, 245 (D.Mass.1997).

In a case such as this, where Chapter 151B applies, the plaintiff is foreclosed from pursuing a claim under § 214(c), and thus must follow the statutory procedures as required under 151B. *See Guzman v. Lowinger,* 422 Mass. 570, 572, 664 N.E.2d 820, 822 (Mass.1996) ("Employees of larger concerns [to which ch. 151B applies] must pursue their claims first at the Massachusetts Commission Against Discrimination (MCAD), while employees of smaller scale employers [to which ch. 151B does not apply] can bypass the MCAD and bring their actions directly in the Superior Court.") [4,5]

■ In this case, the plaintiff has alleged sufficient facts to survive a motion to dismiss under Mass. Gen. L. Ann. ch. 151B. The facts as alleged describe conduct which was both "unwelcome" and "sufficiently severe." The plaintiff also filed her suit within ninety days of the EEOC determination letter (# 19–1),[6] and thereby fulfilled Mass. Gen. L. Ann. ch. 151B's statutory requirements.

Given the minimal pleading standards, the defendant's motion to dismiss Count I, plaintiff's claims under both Title VII and Mass. Gen. L. Ann. ch. 151B, will be denied.[7]

---

4. The plaintiff filed a complaint with the EEOC and received a consent to sue letter. (# 19–1)

5. The court has emphasized that the requirements of Chapter 151B were enacted by the legislature to balance competing interests. "Employees are protected against certain types of [unlawful action]. Employers are protected from unnecessary litigation by a relatively short statute of limitations, *see* ch. 151B § 5 (six months), and a mandatory con-

ciliation process." *Green,* 422 Mass. at 555–56, 664 N.E.2d at 811 (citing *Charland v. Muzi Motors, Inc.,* 417 Mass. 580, 583, 631 N.E.2d 555, 558 (Mass.1994)).

6. The EEOC letter was dated July 30, 2013 (# 19–1) and the plaintiff's complaint was filed on October 29, 2013 (# 1).

7. Given that Mass. Gen. L. Ann. ch. 151B applies, the plaintiff is barred from pursuing

## B. Count II, Breach of Contract

The plaintiff alleges that the defendant breached its contractual relationship with her when it wrongfully discharged her as a result of her reporting the sexual harassment. (# 16 at ¶¶ 53–55) The defendant argues that the plaintiff was an at-will employee, and that there was no legally cognizable contract between her and the defendant. (# 18 at 8) Citing *King v. Driscoll*, 418 Mass. 576, 638 N.E.2d 488 (Mass. 1994), the plaintiff counters that an at-will employee may not be dismissed if it is in violation of public policy. (# 19 at 7) According to the plaintiff, she was specifically terminated because she reported the sex discrimination she suffered, and this action is "clearly a breach of her employment contract pursuant to *King*." (# 19 at 8)[8]

While the plaintiff is correct, that an at-will employee can sue for breach of contract if the underlying reason for the employee's termination was contrary to public policy, in this case, even if the defendant's termination of the plaintiff was in retaliation for her complaints against her coworkers, the exclusive remedy for such retaliatory actions lies within the provisions of Mass. Gen. L. Ann. ch. 151B § 4(4). Chapter 151B § 4(4) provides that it shall be unlawful "[f]or any person, employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because he has opposed any practices forbidden under this chapter of because he has filed a complaint, testified or assisted in any proceeding ...". Mass. Gen. L. Ann. ch. 151B § 4(4).

Given that Chapter 151B § 4(4) provides a remedy for retaliatory firing based on complaints of sex discrimination, an individual claim for breach of contract may not lie. "The acts comprising the alleged breach of contract were the same acts upon which the employment discrimination claim was based. That contract claim, merely a 'recast version[ ] ' of her discrimination claim under G.L. c. 151B, is thus 'barred by the statute's exclusivity provision.'" *Robinson v. City of Boston*, 71 Mass.App.Ct. 765, 767–68, 887 N.E.2d 261, 263 (Mass.App.Ct.2008) (citing *Green*, 422 Mass. at 558, 664 N.E.2d at 813).

For the foregoing reasons, plaintiff's claim under Count II will be dismissed.

## C. Count III, Breach of the Covenant of Good Faith and Fair Dealing

The plaintiff alleges that the actions of the defendant constitute a breach of the implied covenant of good faith and fair dealing. Massachusetts does recognize a claim for breach of the implied covenant of good faith and fair dealing, but only when a claimant shows that an employer's reason for discharge was contrary to public policy and only when there is no other adequate way to vindicate the public policy. *Grubba v. Bay State Abrasives, Div. of Dresser Industries, Inc.*, 803 F.2d 746, 747 (1st Cir.1986).

However, like the plaintiff's breach of contract claim, because Chapter 151B affords the plaintiff a statutory remedy for the defendant's alleged actions, an independent claim for breach of the covenant

---

any claims under Mass. Gen. L. Ann. ch. 214 § 1C.

**8.** In *King v. Driscoll*, 418 Mass. 576, 582, 638 N.E.2d 488, 492 (Mass.1994), the Supreme Judicial Court found that there is a very narrow public policy exception to the general rule that an employer may terminate an at-will employee at any time with or without cause. The court cited to a list of cases and noted that some of the exceptions to the at-will termination policy include firing an employee for cooperating with Customs officials, for filing a worker's compensation claim, and for refusing to testify falsely at trial. *Id.*

of good faith and fair dealing is barred by Chapter 151B's exclusivity provisions. *See generally, Charland v. Muzi Motors, Inc.,* 417 Mass. 580, 586, 631 N.E.2d 555, 559 (Mass.1994) (Mass. Gen. L. ch. 151B "provides the exclusive remedy for employment discrimination not based on preexisting tort law or constitutional protections . . ."). As the judge explained in *Edsall,*

> Massachusetts recognizes a claim for a breach of the implied covenant of good faith and fair dealing in the employment context as "a common law exception to the general doctrine that an at-will employee may be terminated without liability for virtually any reason." Where Chapter 151B applies, however, it provides the exclusive remedy for employment discrimination not based on preexisting tort low or constitutional protections.

*Edsall,* 367 F.Supp.2d at 79 (internal citation and quotation marks omitted).

Given that Chapter 151B provides a remedy for complaints of sex discrimination, an individual claim for breach of the implied covenant of good faith and fair dealing may not lie. For the foregoing reasons, plaintiff's claim under Count III will be dismissed.

### D. Count V, Civil Rights Violations [9]

The plaintiff alleges that by engaging in the described conduct, the defendant interfered with the plaintiff's exercise and enjoyment of her civil rights as guaranteed by the laws and the Constitution of the United States and the laws and Constitution of Massachusetts. (# 16, ¶ 66) Specifically, the plaintiff alleges that the failure to properly hire, train and supervise Sola and Jonnel demonstrate that the defendant was deliberately indifferent to her

civil rights pursuant to Mass. Gen. L. Ann. ch. 12 §§ 11H and I, and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States. (# 16 at ¶ 67, ¶ 69)

The Massachusetts Civil Rights Act (hereinafter "MCRA"), Mass. Gen. L. Ann. ch. 12 §§ 11H and I provide for a private right of action by any person whose exercise and enjoyments of rights secured by the Constitution have been interfered with by threats, intimidation or coercion. *See* Mass. Gen. L. Ann. ch. 12 § 11H and I. However, as Chapter 151B provides the exclusive statutory scheme for resolving employment discrimination complaints, the plaintiff's MCRA claim is preempted by Chapter 151B. *Green,* 422 Mass. at 555, 664 N.E.2d at 811 ("Accordingly, where c. 151B applies, a person may not evade its procedural requirements by recasting a discrimination claim as a violation of the equal rights act, or the civil rights act.")(internal citations omitted); *Ahanotu v. Massachusetts Turnpike Authority,* 466 F.Supp.2d 378, 388–89 (D.Mass.2006) ("Chapter 151B . . . provides the comprehensive and exclusive statutory scheme for resolving employment discrimination claims under Massachusetts Law."); *Bester v. Roadway Express, Inc.,* 741 F.Supp. 321, 322 (D.Mass.1990) ("The Massachusetts courts have held that certain employment discrimination claims under M.G.L. c. 12 § 11I are precluded by the comprehensive remedy accorded by M.G.L. c. 151B."). Given the exclusivity provision of Chapter 151B, the plaintiff's claim under the MCRA shall be dismissed.

■ Likewise, the plaintiff's claim that the defendant violated her civil *rights* under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United

---

**9.** Count IV, plaintiff's claim of assault and battery against Jonnel has been withdrawn by the plaintiff. (# 20)

States Constitution must also be dismissed. The defendant is a private employer, and not a agent of the state, therefore there is no cause of action under the First, Fourth, Fifth, Eighth or Fourteenth Amendment's of Constitution. *See generally, The Civil Rights Cases,* 109 U.S. 3, 11, 3 S.Ct. 18, 27 L.Ed. 835 (1883) ("Individual invasion of individual rights is not the subject-matter of the amendment[s]."); *Edsall,* 367 F.Supp.2d at 78 (discussing state action requirement).

### E.   Count VI, Hostile Work Environment

The plaintiff alleges that Jonnel's continuous and consistent sexual comments and remarks created a hostile working environment. (# 16 at ¶ 74, ¶ 75) The plaintiff further alleges that the environment was so severe that she was forced to request that he stop, and that for her own protection she would have to leave the area if he was approaching her. *Id.* at ¶ 75. The defendant argues that because the plaintiff did not specifically cite to Chapter 151B within count VI, that she has not alleged a violation of Mass. Gen. Law. Ann. ch. 151B in Count VI. (# 18 at 13)

Both Title VII and Chapter 151B provide for a claim based on hostile work environment. *Billings,* 515 F.3d at 47 (Title VII also extends to sex-based discrimination that creates a hostile or abusive work environment) (citing *Meritor,* 477 U.S. at 66, 106 S.Ct. 2399); *Forrest v. Brinker International Payroll Company, LP,* 511 F.3d 225, 227–28 (1st Cir.2007). "To establish a sexual harassment work environment claim, plaintiff must show that he was subjected to unwelcome sexual harassment objectively and subjectively severe enough to create an abusive work environment and that his employer failed to respond meaningfully." *Foley v. Proctor & Gamble Distributing Co.,* 2003 WL 21696544, *2 (D.Mass. July 21, 2003) (not reported) (citing *O'Rourke v. City of Providence,* 235 F.3d 713, 728 (1st Cir.2001)). In analyzing a claim of sexual harassment based on hostile environment, the court should consider whether a defendant's conduct " 'created a barrier, based solely on gender, to [the plaintiff's] full and untrammeled participation in the workplace.' " *Morehouse,* 989 F.Supp. at 61 (quoting *College–Town Division of Interco, Inc. v. Massachusetts Commission Against Discrimination,* 400 Mass. 156, 162, 508 N.E.2d 587 (Mass.1987)). To determine whether the effects of harassment are sufficiently severe and pervasive to create a hostile work environment under ch. 151B, "the court must consider the totality of the circumstances, and approach the evidence 'from the view of a reasonable person in the plaintiff's position.' " *Morehouse,* 989 F.Supp. at 62 (quoting *Mullenix v. Forsyth Dental Infirmary for Children,* 965 F.Supp. 120, 154 (D.Mass.1996) (internal citation omitted)). Despite the thinness of the plaintiff's pleadings, her claims for hostile work environment under both Title VII and Chapter 151B survive the motion to dismiss.

For the foregoing reasons, defendant's motion to dismiss plaintiff's claim for hostile work environment under both Title VII and Mass. Gen. L. Ann. ch. 151B will be denied.

### F.   Count VIII, Retaliation [10]

The plaintiff alleges that throughout the fall of 2012 she complained to fellow employees regarding the conduct of Sola and Jonnel, and that in October and December

---

10. Count VII, the plaintiff's count for negligent supervision was voluntarily withdrawn by the plaintiff. (# 19 at 14)

of 2012, she complained to Sola regarding Jonnel's conduct. (# 16 at ¶ 83, ¶ 85) The plaintiff further alleges that as a result of her complaints she was terminated as an employee. *Id.* at ¶ 85. The defendant alleges that a retaliation claim is barred by the Worker's Compensation Act, and that liability for an employer for sexual harassment allegedly committed by its supervisory employee is barred by the exclusivity provision of Chapter 151B. (# 18 at 13–14)

Title VII makes it illegal for "an employer to discriminate against any of his employees ... because he has opposed any practice made unlawful ... or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing" under the law. 42 U.S.C. § 2000e–3(a). The anti-retaliation provision "protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Burlington Northern & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 67, 126 S.Ct. 2405, 2414, 165 L.Ed.2d 345 (2006). Specifically, the anti-retaliation provision seeks to prohibit employer actions "that are likely 'to deter victims of discrimination from complaining to the EEOC,' the courts, and their employers." *Id.* at 68, 126 S.Ct. 2405 (citing *Robinson v. Shell Oil Co.,* 519 U.S. 337, 346, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997)). In retaliation cases, the plaintiff need only show that the action of the employer might well have " 'dissuaded a reasonable worker from making or supporting a charge of discrimination.' " *Rodriguez–Vives v. Puerto Rico Firefighters Corps of Puerto Rico,* 743 F.3d 278, 284–85 (1st Cir.2014) (quoting *Burlington Northern,* 548 U.S. at 68, 126 S.Ct. 2405) (footnote omitted).

Chapter 151B §§ 4(4) and 4(4A) also provide for protection in retaliation claims. "To maintain a claim of retaliation under sections 4(4) and 4(4A), the plaintiff has the burden of establishing (1) that he engaged in protected conduct; (2) that he suffered adverse action; and (3) that a causal connection existed between the protected conduct and the adverse action." *Bolduc v. Town of Webster,* 629 F.Supp.2d 132, 155 (D.Mass.2009) (citing, *Mole v. University of Massachusetts,* 442 Mass. 582, 591, 814 N.E.2d 329 (Mass. 2004)). A plaintiff's claim under Mass. Gen. L. Ann. ch. 151B § 4(4) or (4A) is satisfied by a showing "that some detrimental action occurred in response to the employees' assertion of protected rights." *King v. City of Boston,* 71 Mass.App.Ct. 460, 474 n. 11, 883 N.E.2d 316, 327 n. 11 (Mass.App.Ct.2008).

The facts as alleged by the plaintiff, that she was fired for having reported the discriminatory conduct of Jonnel and Sola, are sufficient to survive a motion to dismiss under both Title VII and Mass. Gen. L. Ann. ch. 151B § (4). Therefore, defendant's motion to dismiss Count VIII will be denied.

### V. Order

Accordingly, it is ORDERED that the Defendant East Coast Diners, LLC d/b/a Denny's Motion to Dismiss All Counts of the Second Amended Complaint, Etc. (# 17) be and the same hereby is, ALLOWED as to Counts II, III, and V and otherwise DENIED. It is FURTHER ORDERED that Counts II, III and V of the Second Amended Complaint be, and the same hereby are, DISMISSED. The request for a hearing is DENIED; an Initial Scheduling Conference shall be set.