Chukwudera Okoli (husband) appeals from an order denying his motion to vacate a divorce judgment.[2] We affirm.
The husband and Nnenna Obi (wife) were married in 2010; this was both parties' second marriage. The wife filed for divorce in 2015 and a divorce judgment entered in November, 2016. The husband filed two functionally identical motions to vacate the divorce judgment in April and again in May, 2017. A Probate and Family Court judge denied the motion without comment after a May, 2017, hearing.
In seeking to vacate the divorce judgment, the husband charged, in substance, that the wife's earlier Nigerian marriage had not properly been terminated, that the parties therefore never had been legally married, and that the wife allegedly produced in discovery a "fake" certified dissolution certificate. The husband did not raise these issues before or during the divorce trial. Had he done so they could have been considered properly and, if necessary, any decision could have been reviewed on an appropriate appellate record. Additionally, the husband made no attempt to explain why he did not earlier bring this matter to the trial judge's attention or was unable earlier to discover the wife's alleged fraud. In short, it appears that the husband "essentially used [Mass. R. Dom. Rel. P.] ... 60 (b) as a means of appeal when no extraordinary circumstances existed to justify relief under the rule." Jones v. Boykan, 464 Mass. 285, 291-292 (2013). See Wojcicki v. Caragher, 447 Mass. 200, 213 (2006), quoting Leavitt v. Mizner, 404 Mass. 81, 89 (1989) ("Evidence is considered 'newly discovered' in this context only if it was 'unknown and unavailable at the time of trial despite the diligence of the moving party' ").
We also observe that, insofar as the record before us shows, the husband's motion was unsupported by affidavit, and he did not authenticate the foreign documents purportedly supporting his claim.[3] See Mass. G. Evid. § 901(a) (2018) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is"). More specifically, neither letter shows a certification attesting that it is, in fact, an official governmental communication, and both letters appear facially irregular. Neither letter was addressed to the husband or to any other person available to the court for examination. And no witness testified, either by affidavit or otherwise, that either letter was, in fact, what either purports to be. Neither document was admissible. See NationsBanc Mtge. Corp. v. Eisenhauer, 49 Mass. App. Ct. 727, 734-735 (2000) (documents produced by deponent in deposition not admissible at trial where deponent "was not the custodian of the records, and ... [the] keeper of the records did not testify concerning this evidence").
In this light, the judge was left with nothing before him other than the husband's unsupported postjudgment claim, contrary to his trial concession, that the wife's first marriage had not properly been terminated. The judge did not abuse his discretion. See Tai v. Boston, 45 Mass. App. Ct. 220, 224 (1998) (decision on motion for relief from judgment reversed only on showing of clear abuse of discretion). See also L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (judge does not abuse discretion absent "a clear error of judgment in weighing the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives" [quotation omitted] ).
The wife did not file a notice of appeal from the single justice's decision granting the husband's request, made under Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979), to enlarge the time within which the husband could file a notice for his present appeal; we do not further consider her challenge to our appellate jurisdiction. We deny the wife's request for appellate attorney's fees.
Order entered May 10, 2017, denying motion to vacate judgment affirmed.

The husband designated only the order denying his motion for relief from judgment in his notice of appeal. Accordingly, another order entered May 10, 2017, denying the husband's motion to stay all orders relevant to divorce judgment is not before us. See Mass. R. A. P. 3 (c), as appearing in 430 Mass. 1602 (1999); Robinson v. Boston, 71 Mass. App. Ct. 765, 771 (2008).

The first document, dated December 28, 2016, is addressed to Felix Jegede in Lagos, Nigeria, and purportedly is signed by the assistant chief registrar of the Lagos State Judiciary. The second document, dated March 17, 2017, is addressed to Dennis Ezika of Prudent Attorneys in Lagos, Nigeria, and it also purportedly is signed by the assistant chief registrar of the Lagos State Judiciary.